**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No.  1:16-cv-01816-DME-CBS

DIANE AMBROSIO, SUSAN ARCHIBALD AND WILLIAM GREGG,

Plaintiff,

v.

DOUGLAS COUNTY SCHOOL DISTRICT, RE-1,

Defendant.

---

**PROTECTIVE ORDER**

---

This matter comes before the Court on the parties' Stipulated Motion for Entry of Protective Order.  The Court has reviewed that Motion.  The Motion is meritorious and acceptable. Therefore, IT IS ORDERED:

1. This Protective Order shall apply to all documents, materials, and information, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure.

2. As used in this Protective Order, the definition of "document" will be interpreted in accordance with Fed.R.Civ.P. 34(a)(1).  A draft or non-identical copy is a separate document within the meaning of this term.

3. Information designated "CONFIDENTIAL" shall be information that is confidential and implicates common law and statutory privacy interests such as: (a) financial

records of Plaintiffs; (b) financial records of other School District employees; (c) information constituting education records or containing student personally identifiable information as defined by the Family Educational Rights and Privacy Act of 1974, 20 U.S.C. § 1232g; and (d) other confidential information relating to the School District, its students, and its employees. CONFIDENTIAL information shall not be disclosed or used for any purpose except the preparation and trial of this case.

    4.    CONFIDENTIAL documents, materials, and/or information (collectively "CONFIDENTIAL information") shall be used solely for the purpose of this action, and shall not, without the consent of the party producing it or further Order of the Court, be used, transferred, disclosed or communicated in any way, except that such information may be disclosed to:

    (a)    attorneys actively working on this case;

    (b)    persons regularly employed or associated with the attorneys actively working on the case whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in this case;

    (c)    the parties, including designated representatives for Defendant;

    (d)    expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial or other proceedings in this case;

    (e)    the Court and its employees ("Court Personnel");

    (f)    stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action;

    (g)    deponents, witnesses, or potential witnesses; and

    (h)    other persons by written agreement of the parties.

5. Prior to disclosing any CONFIDENTIAL information to any person listed above (other than counsel, persons employed by counsel, Court Personnel and stenographic reporters), counsel shall provide such person with a copy of this Protective Order and obtain from such person an executed "Written Assurance" in the form attached hereto as Exhibit A. All such written assurances shall be retained by counsel and shall be subject to *in camera* review by the Court if good cause for review is demonstrated by opposing counsel.

6. Documents are designated as CONFIDENTIAL by placing or affixing on them (in a manner that will not interfere with their legibility) the following or other appropriate notice: "CONFIDENTIAL."

7. Any party who inadvertently fails to identify documents or information as CONFIDENTIAL shall, promptly upon discovery of its oversight, provide written notice of the error and substitute appropriately-designated documents. Any party receiving such improperly-designated documents shall promptly retrieve such documents from persons not entitled to receive those documents and, upon receipt of the substitute documents, shall return or destroy the improperly-designated documents.

8. Any party who inadvertently discloses documents that are privileged or otherwise immune from discovery shall, promptly upon discovery of such inadvertent disclosure, so advise the receiving party and request that the documents be returned. The receiving party shall return such inadvertently produced documents, including all copies and copies the receiving party provided to any other individual or entity, within 14 days of receiving such a written request.

9. Any pleadings, exhibits or filings which contain CONFIDENTIAL information, or testimony designated as CONFIDENTIAL, shall be filed under seal with the Court in accordance

with D.C.COLO.LCivR 7.2 and the Court's "Electronic Case Filing Procedures for the District of Colorado." Prior to disclosure at trial or a hearing at which CONFIDENTIAL information may be used, the parties may seek further protections against public disclosure from the Court.

10.   Whenever any documents or testimony which contain CONFIDENTIAL information in the form of customer or account information or bank account information are filed with the Court or presented at trial or a hearing, the party filing or presenting the CONFIDENTIAL information must redact the customer name by replacing it with the customer's initials, and must redact the customer account number and bank account number by replacing it with the last four digits of the account number. Such redaction must be performed even if the documents are filed under seal.

11.   Whenever a deposition involves the disclosure of CONFIDENTIAL information, the deposition or portions thereof shall be designated as CONFIDENTIAL and shall be subject to the provisions of this Protective Order. Such designation shall be made on the record during the deposition whenever possible, but a party may designate portions of depositions as CONFIDENTIAL after transcription, provided written notice of the designation is promptly given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript. Transcript pages containing CONFIDENTIAL information must be separately bound by the court reporter, who must affix to the top of each such page the legend "CONFIDENTIAL," as instructed by the party or non-party offering or sponsoring the witness or presenting the testimony.

12.   A party may object to the designation of particular CONFIDENTIAL information by giving written notice to the party designating the disputed information. The written notice shall

identify the information to which the objection is made.  If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as CONFIDENTIAL to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order.  If such a motion is timely filed, the disputed information shall be treated as CONFIDENTIAL under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as CONFIDENTIAL and shall not thereafter be treated as CONFIDENTIAL in accordance with this Protective Order.  In connection with a motion filed under this provision, the party designating the information as CONFIDENTIAL shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL.

13. Three years after the conclusion of this case, unless other arrangements are agreed upon, each document and all copies thereof which have been designated as CONFIDENTIAL shall be returned to the party that designated it CONFIDENTIAL, or the parties may elect to destroy CONFIDENTIAL documents. All documents designated as Confidential shall be maintained as Confidential during the three year period following the conclusion of the case. The case will be deemed concluded when all appeal rights have been exhausted, a judgment has been paid or the parties have entered into a settlement agreement to resolve the matter.

14. This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

ORDERED this 28th day of November, 2016.

BY THE COURT:

　*s/ Craig B. Shaffer*　
United States Magistrate Judge

**EXHIBIT A**
**WRITTEN ASSURANCE TO BE BOUND BY PROTECTIVE ORDER**

_____ declares that:

I reside at _____ in the City of _____, County of _____, State of _____. My telephone number is _____.

I have read or been advised of the terms of the Protective Order dated _____, 2015, filed in Civil Action No. 1:16-cv-01816-DME-CBS, pending in the United States District Court for the District of Colorado. I agree to comply with and be bound by the provisions of the Protective Order. I shall not divulge any documents, or copies of documents, designated "CONFIDENTIAL" obtained pursuant to such Protective Order, or the contents of such documents, to any person other than those specifically authorized by the Protective Order. I shall not copy or use such documents except for the purposes of this action and pursuant to the terms of the Protective Order.

I consent to the jurisdiction of the United States District Court for the District of Colorado for the purposes of enforcement of the Protective Order.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on _____   _____
                (Date)                                                  (Signature)